## WILLIAM SNOW *vs.* FOWLER T. MOORE, executor.

In an action against an executor by the testator's son-in-law for board furnished to the testator, to which the defence is that he was a visitor with the plaintiff, and that the plaintiff's claim originated in disappointment at his wife's receiving less property under the will than the testator's other child, the defendant may introduce evidence of the amount of the testator's property, for the purpose of showing that the plaintiff's wife, who had a specific legacy, took less than the other child, who was residuary legatee.

In an action against an executor by the testator's son-in-law for board furnished to the testator, to which the defence was that he was a visitor and not a boarder with the plaintiff, the plaintiff's wife testified that the testator was "feeble, in poor health, lame, and of no great value for work." *Held*, that, to contradict this testimony, evidence was admissible of her statement that "she and her husband wished her father to come and live with them, because it would save their hiring a man."

In an action against an executor for board furnished to his testator, the defendant testified that it was worth only a certain sum per week to board the testator. *Held*, that the plaintiff might prove that the defendant had paid a bill for the testator's board for the preceding year at a higher rate per week.

MORTON, J. This is an action of contract to recover for eleven months' board of the defendant's testator, William Chapman, who was the father of the plaintiff's wife. It was admitted that Mr. Chapman lived with the plaintiff during the eleven months, but it was contended that he was there as a visitor, on the invitation of the plaintiff, and not as a boarder. The defendant contended and introduced some evidence tending to show that the plaintiff made no claim for board during the life of Mr. Chapman, and that "the claim in suit was made up after his death, in consequence of the plaintiff's disappointment because his wife did not receive by her father's will one half of his property." For this purpose, he introduced the will, without objection. The defendant then offered to show how much the estate of Chapman amounted to, for the purpose of showing that by the will the

plaintiff's wife received much less than Mrs. Bentley, her only sister, but the court rejected the evidence.

By the will, the testator gave a specific legacy of $400 to the plaintiff's wife, and all the residue of his estate to Mrs. Bentley. The will alone does not show that the plaintiff's wife received any less than her sister; but the supplemental proof, that the estate was a large one, would show a great inequality in the provisions for the two sisters, and thus would show that a motive existed on the part of the plaintiff to make up this claim. We think this testimony was competent.

We are of opinion, also, that the testimony offered of the statement of the plaintiff's wife, "that she and her husband wished her father to come and live with them because it would save their hiring a man," was competent. It tended in some degree to contradict or qualify her testimony to the effect that her father was "feeble, in poor health, lame, and of no great value for work."

All the other rulings at the trial were correct. The defendant having testified that it was worth only two or three dollars a week to board Chapman, it was competent to show that he had paid a bill to one Hamilton for his testator's board for the preceding year at the rate of four dollars and fifty cents a week. Such payment was an act of the defendant tending to show that four dollars and fifty cents a week was a reasonable price for the testator's board, and thus contradicted his testimony. For the same reason, the testimony of Hamilton as to this payment was admissible. The plaintiff had the right to prove this act of the defendant, inconsistent with his testimony, by the defendant or by Hamilton, or by both.

The other exceptions taken at the trial were not argued, and need not be considered. *Exceptions sustained.*

*A. L. Soule*, for the defendant.

*M. B. Whitney*, for the plaintiff.