ASA B. FOSTER *vs.* RANFORD WORTHING.

Suffolk.   March 6, 1888. — May 4, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Promissory Note — Payment — Evidence — Witness — Contradiction.*

On the issue whether a note made by a mining company and indorsed by its direc-
tors was to be paid by them or by the plaintiff as an accommodation indorsee,
a witness, who was a director, testified that the note was to be paid by the
plaintiff, and, to contradict him, a letter of his to the plaintiff was introduced
in evidence, requesting him to procure a renewal of the note by a note of the
company with the old note, duly protested, attached. *Held,* that the letter was
rightly admitted.

CONTRACT, against Ranford Worthing and Henry E. Irvine,
upon two promissory notes, dated November 14, 1881, and paya-
ble in two months, made by the El Gachi Mining Company,
and indorsed by them and other directors of the company.   The
plaintiff discontinued as to Irvine.

Trial in the Superior Court, without a jury, before *Mason, J.,*
who allowed a bill of exceptions, in substance as follows.

The defendant contended, and introduced in evidence the de-
position of Irvine as tending to show, that as between the plain-
tiff and the defendant the notes, which had been indorsed by the
plaintiff to a bank for discount, were without consideration ; that
they were indorsed by the defendant and the other directors for
the accommodation of the plaintiff, in order to enable him to raise
money and carry out a contract between the plaintiff, who was
also a director, and the other directors, binding him to furnish the
necessary funds to carry on the company's mine for six months
from October 26, 1881 ; and that when the notes became due,
the plaintiff, as between himself and the directors, was to take
care of the notes and pay them.   The plaintiff was permitted to
introduce in evidence, as tending to contradict Irvine's testimony
in his deposition, a portion of a letter, dated December 22, 1881,
and written by him to the plaintiff, as follows:  "Should we not
be able to make any payment on the first note of $5,000, due the
Eastern Township Bank on the 17th of January next, please in-
struct them to renew the same on the issue of the note of the

company, with old note (duly protested) attached. This will do away with the necessity of our sending a renewal to each of the indorsers for their indorsement."

The judge found for the plaintiff; and the defendant alleged exceptions.

*G. D. Ayers & G. C. Hodges*, for the defendant.

*C. L. B. Whitney & F. C. Manchester*, for the plaintiff.

C. ALLEN, J. The principal question was, whether, as between the plaintiff and the defendant, it was the plaintiff's duty to provide for the payment of the notes in suit. The defendant contended that it was, and introduced in evidence the deposition of Irvine, tending to prove that it was so understood at the time the notes were made. As tending to contradict Irvine, the plaintiff was then allowed to introduce a letter written by Irvine to the plaintiff, shortly before the notes became due. The defendant now contends that this letter did not contradict Irvine, but was consistent with his testimony. It is not necessary, in order to make the letter competent, that there should be a contradiction in plain terms. It is enough if the letter, taken as a whole, either by what it says or by what it omits to say, affords some presumption that the fact was different from his testimony. And in determining this question, much must be left to the discretion of the presiding judge. Declarations or acts, or omissions to speak or to act when it would have been natural to do so if the fact were as testified to, may be shown by way of contradiction or impeachment of the testimony of a witness, when they fairly tend to control or qualify his testimony. *Clement* v. *Kimball*, 98 Mass. 535. *Brigham* v. *Clark*, 100 Mass. 430. *Snow* v. *Moore*, 107 Mass. 512. *Hook* v. *George*, 108 Mass. 324. *Hayden* v. *Stone*, 112 Mass. 346. *Perry* v. *Breed*, 117 Mass. 155, 165. *Brigham* v. *Fayerweather*, 140 Mass. 411, 416. The letter of Irvine in the present case falls within this rule. It related directly to the subject of making payment of the first note, and it bore upon the probability of Irvine's testimony. It was, of course, open to explanation, and its weight is not for us to consider; but it was competent.          *Exceptions overruled.*