STATE OF NORTH CAROLINA v. BOBBY GENE MOORE

No. 7826SC1023

(Filed 3 April 1979)

**Narcotics §§ 4.3, 4.4— constructive possession of narcotics—intent to sell—sufficiency of evidence**

    The State's evidence was insufficient to show that defendant had constructive possession of cocaine found in a woman's coat in the bedroom closet of an apartment leased to a female friend of defendant where it tended to show only that defendant paid the apartment rent and that he was in the kitchen of the apartment when officers searched the apartment and discovered the cocaine, but there was no evidence that any men's clothing or any of defendant's personal possessions were found in the apartment, the evidence showed that no key to the apartment was found on defendant, and no other evidence showed that defendant had control of the apartment. However, the evidence was sufficient for the jury to find that defendant had possession of marijuana found in a shoe box on the kitchen table where it tended to show that defendant opened the kitchen door to officers, defendant sat down at the kitchen table after admitting the officers, and defendant told the officers that he and a friend who was seated at the kitchen table were playing a TV video game located in the kitchen, but a charge of possession of marijuana with intent to sell should have been nonsuited where there was no evidence of the amount of marijuana or other evidence to support an inference of intent to sell.

APPEAL by defendant from *Ferrell, Judge*. Judgment entered 7 June 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 February 1979.

Defendant was indicted for possession of cocaine with intent to sell and possession of marijuana with intent to sell; without objection the cases were consolidated for trial. Defendant was found guilty and sentenced to 20 years on each count, to run concurrently. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Grant Smithson for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the court improperly denied his motion for judgment as of nonsuit, as there was insufficient evidence of his constructive possession of the controlled substances to take the case to the jury. On a motion for nonsuit the evidence must be considered in the light most favorable to the State, and all reasonable inferences must be drawn therefrom. 4 Strong's N.C. Index 3d, Criminal Law § 104. The defendant's evidence may be considered for the purpose of explaining the State's evidence, as long as there is no conflict. *State v. Evans*, 279 N.C. 447, 183 S.E. 2d 540 (1971). The State's evidence, viewed in this light, is as follows:

On 4 February 1978 Charlotte police officers obtained a search warrant for Apt. #2 at 600 West Boulevard and for a woman named Joanne Ferguson, on the strength of information from a confidential informant that there were drugs in the apartment. The back door of the apartment was opened to the officers by defendant "just a short time" after they knocked. Inside, they found another man seated at the kitchen table. Defendant indicated that this man "was a friend of his and had come to play a TV video game." The search of the apartment revealed 12 glassine bags of cocaine in what appeared to be a woman's coat in a bedroom closet, 10 manila envelopes of marijuana among woman's clothing in a bedroom closet and 16 inside the dust bag of the vacuum cleaner, a marijuana cigarette in a watch case on a living room shelf, and a shoe box holding containers of marijuana on the kitchen table. Defendant was searched, and no drugs or keys to the apartment were found on his person. No clothing identifiable as a man's was found in the apartment except for the jacket defendant put on when he left with the officers. Defendant's baby was in one of the bedrooms.

A year prior to the search, defendant's car was seen parked outside the apartment a number of times. Officer Furr testified that as defendant left with the officers after he had been arrested, he "turned and asked me could he leave some money with the person inside, and I said, 'Sure.' We walked back to the apartment door. Just as we got to the apartment door, he said, 'Never mind, forget it. I'm not going to leave it. I'm not going to pay the rent. They can set the furniture out in the street.'"

Defendant's evidence which does not conflict with that of the State indicates that the apartment the officers searched was leased to Joanne Ferguson, the mother of defendant's baby. The utilities are billed in Ferguson's name. Defendant maintains a separate apartment in his name at 409-C Hilo Drive, and his next door neighbor sees him there every day. Defendant has lived in the West Boulevard apartment with Ferguson, but not in the 15 months since their baby was born. Defendant was at the apartment the night of 4 February to see the baby; he gives Ferguson financial support for the baby. Ferguson had the cocaine in the apartment for a party she was giving, and the marijuana to sell. Ferguson gave 600 West Boulevard as defendant's address to the police when defendant's car was stolen in November 1977, and to defendant's bail bondsman because she felt she could keep track of where he was. The defense introduced a warrant for defendant's arrest on another charge, dated two days before the search, which listed defendant's address as 409-C Hilo Drive. The warrant to search 600 West Boulevard did not list defendant's name.

A person may be guilty of possession without actual physical dominion over the material; constructive possession exists when the material is found on premises under the control of the defendant, *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680 (1971); *State v. Wells*, 27 N.C. App. 144, 218 S.E. 2d 225 (1975), or otherwise under his control. Defendant argues that there can be no constructive possession here because the facts set out above do not show that he was in control of the premises where the controlled substances were found. With regard to possession of cocaine, defendant is correct.

The cocaine was not in plain view, but was found in a coat pocket in the bedroom closet. Although there is an inference from

the evidence that defendant paid the rent, no men's clothing, except for what he was wearing, or personal possessions of his were found in the apartment, and no keys to the apartment were found on his person. The facts relied on by the State in its brief simply do not support the inference that defendant had control of the premises. This fact situation is easily distinguishable from those in which our courts have found constructive possession. See *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974) (defendant and his wife were the only ones living in the apartment and marijuana was found among man's clothing in the apartment); *State v. Allen, supra* (utilities for the dwelling were listed in defendant's name and his personal papers were found there; also there was testimony that the heroin found belonged to defendant and was being sold at his direction); *State v. Wells, supra.* Defendant's motion for nonsuit on the charge of possession of cocaine with intent to sell was improperly denied.

With regard to the charge relating to marijuana, the evidence is that a shoe box of marijuana was in plain view on the kitchen table when the kitchen door was opened to the officers by defendant; that defendant's friend was seated at the kitchen table; and that the TV video game defendant told the officers he and his friend were playing was located in the kitchen. After admitting the officers, defendant sat down at the kitchen table.

This is sufficient evidence from which the jury could find that the marijuana was under defendant's control. However, the record contains no evidence of how much marijuana was found in the shoe box, of any sales or attempted sales by defendant at any time, or any other evidence to support an inference of an intent to sell. Therefore, defendant's motion should have been allowed as to the charge of possession of marijuana with intent to sell.

The judgment appealed from in case No. 78CR2459 (cocaine) is vacated and the indictment is dismissed. In case No. 78CR2462 (marijuana) the judgment is vacated and the case is remanded. If the State so elects, the district attorney may try defendant upon the lesser included offense of possession of marijuana.

Vacated and remanded in part.

Chief Judge MORRIS and Judge CLARK concur.