STATE OF NORTH CAROLINA v. ANNIE RAY ODOM

No. 4

(Filed 5 May 1981)

1. **Constitutional Law § 43; Criminal Law § 57— gunshot residue test—no right to counsel—evidence of refusal to take test**

    The administration of a gunshot residue test is not a critical stage of the criminal proceedings to which the constitutional right to counsel attaches, and defendant's right to counsel was not violated by the admission of evidence that she refused to submit to a gunshot residue test until she talked with her attorney. Sixth and Fourteenth Amendments to the U.S. Constitution; Article I, § 23 of the N. C. Constitution.

2. **Constitutional Law § 28; Criminal Law § 57— evidence of refusal to take gunshot residue test—no denial of due process**

    The admission of evidence that defendant, after having been given the *Miranda* warnings, refused to take a gunshot residue test until she talked with her attorney did not violate defendant's right to due process since no constitutional right to counsel was involved and since no governmental action induced defendant to believe she had a constitutional right to have counsel present during the test.

ON appeal as a matter of right pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 49 N.C. App. 278, 271 S.E. 2d 98 (1980), one judge dissenting, ordering a new trial for defendant. The trial proceedings were held before *Judge Preston* at the 15 October 1979 Criminal Session of Superior Court, CUMBERLAND County.

The question presented by this appeal is whether the admission of evidence that defendant refused to submit to a gunshot residue test when she had been given the *Miranda* warnings and had told police officers that she would not take the test until she talked with a lawyer violated defendant's right to counsel and deprived her of due process of law.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Seavy A. Carroll for defendant-appellee.*

CARLTON, Justice.

I.

On 16 March 1979 defendant was arrested for shooting Robert Lee Moore and was charged with assault with intent to kill, inflicting serious bodily injury. She was informed by the arresting officers of her *Miranda* rights and signed a written waiver of them. In response to the officers' questions, defendant conceded that she knew something about a fight in which she and the victim were involved earlier in the day but denied any knowledge of the shooting. At this point, she informed the officers that she wished to consult with her attorney, and the questioning was stopped.

Before defendant talked to her attorney, she was taken before a magistrate and was asked to take a gunshot residue test.[1] A crime scene technician explained to defendant that the test would show whether she had recently fired a weapon. Defendant refused to take the test until she talked with her lawyer. The technician then told her that she did not have to take the test, and the test was never administered.

At her trial in superior court, the State presented two eyewitnesses, including the victim, who testified that defendant was the person who shot Robert Lee Moore. Defendant testified that she had seen the victim on the day in question at the scene of the shooting but that no one was shot while she was there. On cross-examination, the State asked defendant whether she had refused to take a gunshot residue test. Defendant objected, and, after a lengthy *voir dire*, the trial judge overruled her objection and allowed the State to elicit from defendant her refusal to take the test until she talked to her attorney. On rebuttal, Officer Brami, the crime scene technician, testified over defendant's objection that defendant refused to take the test.

The jury returned a guilty verdict and defendant was sentenced to five to seven years.

On appeal, the Court of Appeals reversed her conviction and ordered a new trial, on the basis of *Doyle v. Ohio*, 426 U.S. 610, 96

---

1. The officers did not produce a nontestimonial identification order, nor did they follow the procedures set out in Article 14, Chapter 15A of our General Statutes, G.S. §§ 15A-271 to -282 (1978).

S.Ct. 2240, 49 L.Ed. 2d 91 (1976), and *State v. Lane*, 46 N.C. App. 501, 265 S.E. 2d 493, *aff'd*, 301 N.C. 382, 271 S.E. 2d 273 (1980), stating, "We find that it would be fundamentally unfair and a violation of defendant's federal and state constitutional rights to allow the State to use her request to consult with an attorney, made in reliance on the State's declaration of her right, as an implication of defendant's guilt." 49 N.C. App. at 280, 271 S.E. 2d at 100. Judge Hedrick dissented, claiming that the decision represented an unwarranted extension of *Doyle* and *Lane* and arguing that the error, if any, in admitting the testimony was harmless beyond a reasonable doubt.

## II.

The issue in this case has been presented to us as one involving defendant's constitutional right to be represented by counsel in state criminal prosecutions and her right to due process of law. Stated specifically, the issue presented by the parties is whether defendant's constitutional rights were denied when, over her objection, evidence was admitted that she had refused to submit to a gunshot residue test until she talked with her attorney. For the reasons stated below, we hold that defendant's constitutional rights were not violated by the admission of such evidence and, accordingly, we reverse the Court of Appeals.

## A.

[1] Our first inquiry is whether the admission of testimony concerning defendant's refusal to take the gunshot residue test violated her right to counsel, guaranteed by the sixth, by virtue of the fourteenth, amendment to the United States Constitution, *Gideon v. Wainright*, 372 U.S 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), and by Article I, Sec. 23 of the Constitution of North Carolina. Defendant urges that her right to counsel has been violated and cites in support of her contentions our recent decision in *State v. Lane*, 301 N.C. 382, 271 S.E. 2d 273 (1980).

In *Lane*, the prosecutor was allowed to question defendant about his failure to inform the police, after his arrest, of his alibi defense to a charge of selling heroin to an undercover narcotics officer. We found that this questioning violated defendant's right to remain silent and reversed his conviction. *Lane* stands for the proposition that comment by a prosecuting attorney at trial upon

defendant's *post-arrest* silence, as a general rule, is constitutionally impermissible.[2]

Although *Lane,* because it concerns the right to remain silent, does not specifically apply to this case, we think it controlling by analogy. Under the authority of *Lane,* comment upon an accused's post-arrest exercise of his or her constitutional right to counsel is, as a general rule, impermissible. Thus, if in refusing to take the gunshot residue test defendant was relying on her constitutionally guaranteed right to counsel, the admission of testimony concerning that subject was error and her conviction must be reversed.

Although a defendant is granted a general right to counsel to assist in his or her defense, that right does not attach to all events leading to trial. The right attaches only to "critical" stages of the proceedings, those proceedings where the presence of counsel is necessary to assure a meaningful defense. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). In deciding whether a particular proceeding constitutes a critical stage, courts must focus their inquiry on "whether the presence of . . . counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross examine the witnesses against him and to have effective assistance of counsel at the trial itself." *Id.* at 227, 87 S.Ct. at 1932, 18 L.Ed. 2d at 1157.

Although the United States Supreme Court has never considered whether a gunshot residue test is a critical stage in the proceedings, it has indicated that the gathering of evidence through the use of scientific tests and analyses, such as finger-

2. *Lane* does, however, recognize an exception to this rule: the prior inconsistent statement. This arises when defendant's silence amounts to a contradiction of his testimony at trial and occurs only when, at the time of defendant's silence, it would have been natural for him to speak and give the substance of his trial testimony. *State v. Lane,* 301 N.C. at 385-86, 271 S.E. 2d at 275-76; *cf. Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971) (use of prior inconsistent statement made prior to giving of *Miranda* warnings to impeach defendant's credibility is constitutionally permissible); 3A. Wigmore, *Evidence* § 1042 (Chadbourn rev. 1970) (when silence amounts to an inconsistent statement). Comment upon defendant's *pre-arrest* silence has been held to violate neither the fifth amendment right to remain silent nor the fourteenth amendment due process clause. *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed. 2d 86 (1980).

printing, blood tests and tests performed on the clothing and hair, are not such stages. *Id.* at 227, 87 S.Ct. at 1932-33, 18 L.Ed. 2d at 1158; *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178 (1967) (taking of handwriting samples not a critical stage of the proceedings); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966) (sixth amendment right to counsel does not attach to giving of blood test).

> Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and presentation of the evidence of his own experts.

388 U.S. at 227-28, 87 S.Ct. at 1932-33, 18 L.Ed. 2d at 1158. We are unable to perceive any difference in the giving of a gunshot residue test that would require the presence of counsel to protect defendant's rights at trial. Thus, we hold that the administration of a gunshot residue test is not a critical stage of the criminal proceedings to which the constitutional right to counsel attaches and that defendant's right to counsel was not violated by the admission of the challenged testimony.

B.

[2] We now turn to a consideration of whether defendant's right to due process of law has been denied.

In *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. 2d 91 (1976), the Supreme Court held that defendants' due process rights had been violated by the use, for impeachment purposes, of their silence at the time of arrest and after the *Miranda* warnings had been given. The rationale for this decision lay in the assurance implicit in the *Miranda* warnings that a defendant's exercise of his right to remain silent would not be used against him at trial. *Id.* at 619, 96 S.Ct. at 2245, 49 L.Ed. 2d at 98.

The importance of the giving of the *Miranda* warnings was underscored in the recent case of *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed. 2d 86. The defendant in *Jenkins* was cross-examined at trial about his pre-arrest silence concerning his

defense of self-defense. In affirming his conviction, the Supreme Court reasoned:

> [N]o government action induced petitioner to remain silent before arrest. The failure to speak occurred before the petitioner was taken into custody and given *Miranda* warnings. Consequently, the fundamental unfairness present in *Doyle* is not present in this case. We hold that impeachment by use of prearrest silence does not violate the Fourteenth Amendment.

447 U.S. at 240, 100 S.Ct. at 2130, 65 L.Ed. 2d at 96.

In this case, defendant's refusal to submit to the gunshot residue test took place after she had received, and signed a written waiver of, her *Miranda* rights. The giving of those rights implicitly assured her that she would not be penalized for exercising her *constitutional* right to counsel. Because no *constitutional* right to counsel is involved here and because no governmental action induced defendant to believe she had a constitutional right to have counsel present during the test, we conclude that the admission of evidence of her refusal to submit to the gunshot residue test is not fundamentally unfair and is not violative of due process.[3]

### III.

In conclusion, we hold that the admission of testimony concerning defendant's refusal to submit to the gunshot residue test did not violate her constitutional right to counsel and did not deprive her of due process of law. Accordingly, the decision of the Court of Appeals is reversed, and this cause is remanded to that court with instructions to remand to the Superior Court, Cumberland County, for reinstatement of the jury verdict.

Reversed and remanded.

---

3. We note that defendant did have a statutory right to have counsel present during the test by virtue of G.S. 15A-279(d) (1978). Neither party argued this point. While defendant's statutory right may have been violated in this case by the admission of the testimony, defendant has not met her burden of showing that the error was prejudicial in light of the very strong case against her, *i.e.*, that, absent the contested evidence, a different result would likely have ensued, *State v. Daye*, 281 N.C. 592, 597, 189 S.E. 2d 481, 483 (1972).