STATE OF NORTH CAROLINA v. HUGH JOHNSON, III

No. 856SC609

(Filed 3 December 1985)

1. **Criminal Law § 43— possession of narcotics—photographs found in house with narcotics—properly admitted**

   The trial court did not err in a prosecution for possession with intent to manufacture and sell marijuana and cocaine by admitting photographs depicting defendant in close proximity to marijuana plants or holding or smoking marijuana, and photographs of defendant's partially nude girlfriend found in an envelope in his bedroom. Both sets of photographs were admissible to show that defendant was living in the house where the photographs and narcotics were found, and the photographs of defendant looking at marijuana plants and holding "Thai sticks" were also admissible to show defendant's knowledge of the controlled substance marijuana.

2. **Criminal Law § 128.2— mistrial denied—improper questions and argument—no error**

   The trial court did not err by denying defendant's motions for mistrials where the court sustained defendant's objections and immediately instructed the jury to disregard the district attorney's argument of facts not in evidence and questions by the district attorney that inferred that defendant had a criminal record and had therefore attempted to solicit someone else to confess to the crimes.

3. **Criminal Law § 48.1— defendant's silence after Miranda warnings—testimony of deputy admitted—no prejudice**

   There was no prejudicial error in a prosecution for possession with intent to manufacture and sell marijuana and cocaine where the trial court permitted a deputy sheriff to testify that defendant declined to make a statement after being advised of his *Miranda* rights. The error was harmless beyond a reasonable doubt because of other overwhelming evidence.

4. **Criminal Law § 86.5— possession of narcotics—testimony that defendant's girlfriend also charged—no prejudice**

   The trial court did not err in a prosecution for possession of marijuana and cocaine with intent to manufacture and sell by denying defendant's motion for a mistrial where a deputy had testified that defendant's girlfriend had also been charged as a result of a conversation with the deputy. Evidence that a third person had been charged with possession of cocaine could not have been prejudicial to defendant and could have been helpful.

5. **Narcotics § 4.3— cocaine and marijuana—possession with intent to manufacture and sell—evidence sufficient**

   The trial court did not err by denying defendant's motions to dismiss charges of possession of cocaine with intent to sell and possession of marijuana with intent to manufacture and sell where the evidence tended to show that defendant lived in the front of the house; cocaine was found in an upstairs

State v. Johnson

room in the front of the house; a bag of marijuana and cocaine paraphernalia were found in the living room in defendant's part of the house; two bags of marijuana were found in defendant's bedroom; cocaine paraphernalia and a bag of marijuana seeds were found in the kitchen, which was also in the front of the house; a large quantity of marijuana seeds was found in the shed behind the house; and marijuana debris, presumably from drying marijuana, was found in the attic.

6. **Narcotics § 4.5— cocaine and marijuana—refusal to instruct that manufacturing must not be for personal use—no error**

The trial court did not err in a prosecution for possession of cocaine with intent to sell and possession of marijuana with intent to manufacture and sell by refusing to instruct the jury that they must find beyond a reasonable doubt that the manufacturing was not for personal use. The manufacturing relied on by the State was production, propagation, and processing, and there was no evidence that defendant was preparing or compounding marijuana for his own use. N.C.G.S. 90-87(15).

7. **Narcotics § 1.3— possession with intent to sell or manufacture—separate offenses**

In a prosecution for possession of marijuana with intent to sell and possession of marijuana with intent to manufacture in which those charges were combined pursuant to a stipulation by defendant's counsel and submitted to the jury as "possession of marijuana with intent to manufacture or sell . . .," it was noted that possession of a controlled substance with the intent to manufacture is a separate and distinct offense from possession of such substance with intent to transfer. However, the verdict was left intact because the error was favorable and invited by defendant, and there was sufficient evidence to convict defendant of both possession with intent to manufacture and possession with intent to sell. N.C.G.S. 90-95(a)(1).

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 2 October 1984 in Superior Court, HERTFORD County. Heard in the Court of Appeals 28 October 1985.

Defendant was charged in bills of indictment proper in form with possession of more than one gram of cocaine and possession of cocaine with intent to sell it (84CRS2753), possession of marijuana with intent to sell it (84CRS2754), and possession of marijuana with intent to manufacture it (84CRS2754-A). He entered pleas of not guilty to each offense.

At trial the State presented evidence which tended to show the following: On 28 June 1984 Deputy Sheriff Wesley Liverman and three other law enforcement officers went to defendant's residence, a white frame house on Godwin Town Road, with a search warrant. Defendant lived there with his brother, Evans Johnson.

Defendant arrived at his house and, without knowledge of the search warrant, gave his consent to a search. He told the law enforcement officers that the front of the house was his, and the back was Evans'. The front of the house consisted of the living room, kitchen, bedroom, bathroom, and three rooms upstairs. The back of the house had a storage area, a bedroom and a bathroom. The officers found a mirror and a cocaine "snorting spoon" in the living room. In a closet in one of the rooms upstairs, Officer Liverman found several bags of white powder substance, later determined to be 27.07 grams of cocaine. The bags contained Evans Johnson's latent fingerprints. There was marijuana debris on the closet floor. Under the couch in the living room there was a bag containing 15.8 grams of marijuana. Two bags of marijuana were found in defendant's bedroom. On the kitchen table the officers found a mirror with some razor blades on it, a cocaine "crusher," a bag containing marijuana seeds, and photographs of defendant and another person posed in a marijuana field, looking at marijuana plants and holding "Thai sticks."

When Liverman found the first bag of marijuana in defendant's bedroom, defendant said: "Huh, that's a hundred dollars and cost." Defendant made the same remark when Deputy Twine found the second bag of marijuana in the bedroom. In the back of the house, i.e., Evans' part of the house, the officers found two scales, a cocaine "snorting spoon," compounds used for "cutting" cocaine, razors, and baggies. A large bag of marijuana seeds was found in the shed behind the house.

Defendant did not testify, but presented evidence which tended to show the following: Hunter Sharpe and defendant went to Jamaica in January 1984. A tour guide showed them a marijuana field, and that was where the photographs depicting defendant looking at marijuana plants, introduced into evidence by the State, were taken. Evans Johnson, who was also charged and tried jointly with defendant, testified that defendant lived at the Godwin Town Road house until May 1984 when he moved to Jernigan's Airport. During the three years the Johnsons lived on Godwin Town Road several other people had also lived there. In May 1984 Evans and defendant were not getting along because Evans was neglecting his job, had a drinking problem and was using cocaine regularly. He had bought the cocaine found by the officers for $1,900.00, $1,500.00 of which he borrowed from the

bank. Evans Johnson testified that defendant did not know about the cocaine and that most of the marijuana found in the house also belonged to Evans. Evans was in therapy for his alcohol and drug problem. Several witnesses testified as to defendant's good reputation and character in the community.

At the conclusion of the evidence, the State and the defendant agreed that the charges in 84CRS2754 and 84CRS2754-A should be combined. The jury returned verdicts of guilty of "possession of marijuana with intent to manufacture or sell," and "possession of more than one gram of cocaine." From judgments imposing consecutive presumptive sentences defendant appeals.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Robert A. Melott for the State.*

*Baker, Jenkins & Jones, P.A., by Ronald G. Baker and W. Hugh Jones, Jr. for defendant appellant.*

MARTIN, Judge.

Defendant brings forward eight assignments of error challenging the admission of evidence, the sufficiency of the evidence, the denial of his motion for mistrial, and the denial of one of his requested jury instructions. We find no error prejudicial to defendant.

[1] Defendant first contends that the trial court erred in admitting into evidence photographs depicting defendant in close proximity to marijuana plants, or holding or smoking marijuana. Defendant argues that such photographs were inadmissible because they were evidence of other offenses. We do not agree. G.S. 8C-1, Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." We find that the photographs, which were found in defendant's kitchen, were admissible as evidence that defendant was living at the house on Godwin Town Road, rather than at Jernigan's Airport as Evans Johnson testified. They were also admissible to show defendant's knowledge of the controlled substance marijuana. *See State v. Snyder,*

66 N.C. App. 191, 310 S.E. 2d 799 (1984); 1 H. Brandis, Brandis on North Carolina Evidence § 91 (2d rev. ed. 1982).

In a related assignment of error defendant argues that the trial court erred in permitting testimony that photographs of defendant's girlfriend, partially nude, were found in an envelope in his bedroom. Defendant contends that the photographs had no relevance and were prejudicial. Again, these photographs were relevant as evidence that defendant lived in the house; if defendant had moved out it is unlikely that he would have left behind such personal photographs.

Defendant's next four assignments of error relate to the denial of his motions for mistrial, made during the cross-examination of Evans Johnson and at the conclusion of the jury arguments. Defendant alleges that the cumulative effect of various evidentiary rulings by the court and improper questions and arguments by the prosecutor was to deny his right to a fair trial. We will discuss each of his contentions.

[2]  Defendant first directs us to the following portion of the prosecutor's cross-examination of Evans Johnson:

[MR. BEARD]: As a matter of fact, I'll ask you if your brother — to your knowledge if your brother tell Vicki Baggett — let her know that she didn't have much of a record so she wouldn't have anything to fear if she came up here and took the credit for this.

MR. BAKER AND MR. JONES: Object.

MR. JONES: I'd like to approach the bench.

THE COURT: Sustained.

[Bench conference and motion for mistrial made in the absence of the jury and denied.]

[Jury returns.]

[THE COURT]: Let me again just say one thing to you and please keep this in mind. If a question is asked of a witness and if the Court sustains the objection to that question, that question is not to be answered. The question itself is not to be considered by you. The question asked of a witness to which an objection is sustained is not to be considered in any

way. You are not to draw any inference from it. It is not before you. It is not evidence in the case. You are to disregard it in your consideration of these cases.

Defendant contends that the District Attorney inferred by his question that defendant had a criminal record and that he had therefore attempted to solicit someone else to confess to the crimes. Defendant asserts that this inference was so prejudicial that the trial court should have granted his motion for a mistrial. We disagree. Although the prosecutor's suggestion that defendant had a criminal record was improper, the court immediately sustained defendant's objection to the offensive question and instructed the jury not to draw any inference from it and to disregard it. This instruction sufficed to remove any prejudice. *State v. Robbin*, 287 N.C. 483, 214 S.E. 2d 756 (1975), *death sentence vacated*, 428 U.S. 903, 49 L.Ed. 2d 1208, 96 S.Ct. 3208 (1976).

Defendant again moved for a mistrial at the conclusion of the prosecutor's jury argument. He based his motion, and his assignment of error to its denial, upon his assertion that the District Attorney improperly argued facts not in evidence. Again we find that upon defendant's objections to the District Attorney's improper argument the trial court immediately sustained the objections and instructed the jury to disregard the statements. Thus, any impropriety in the argument was cured by the prompt action of the trial court. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982).

[3] As a further basis for his contention that the trial court abused its discretion in denying his motion for mistrial, defendant contends that the trial court erred in permitting a deputy sheriff to testify that defendant declined to make a statement after being advised of his Miranda rights. Although the court's ruling on defendant's objection was not argued by defendant when he made his later motions for mistrial, we will consider his exception to the testimony to determine if he was prejudiced thereby.

It is error to permit the prosecution to present evidence that an accused exercised his constitutional privilege against self-incrimination by remaining silent after having been advised of his Miranda rights. *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966); *State v. McCall*, 286 N.C. 472, 212 S.E. 2d 132 (1975), *vacated and remanded*, 429 U.S. 912, 50 L.Ed. 2d 278, 97

S.Ct. 301 (1976). However, not every violation of a constitutional right is sufficiently prejudicial to warrant a new trial; the test is whether there is no reasonable possibility that the error might have contributed to defendant's conviction. *State v. Lane*, 301 N.C. 382, 271 S.E. 2d 273 (1980). In this case we find the error harmless beyond a reasonable doubt because of other overwhelming evidence of defendant's guilt, *e.g.*, the bags of cocaine and marijuana which were found in defendant's part of the house, and defendant's voluntary, inculpatory statements when the marijuana was found in his bedroom.

[4] Defendant next contends that the trial court should have declared a mistrial because it erred in allowing a deputy sheriff to testify that defendant's girlfriend, Vicki Baggett White had also been charged with possessing the cocaine in question as a result of some conversation which she had with the deputy. The substance of the conversation was not admitted. Defendant contends that this evidence implied that he coerced Vicki to confess in order to exonerate himself. We read no such implication in the evidence. Evidence that a third person had been charged with possession of cocaine could not have been prejudicial to defendant and could have been helpful. The evidence could be relevant to his case, in that it tended to show that the cocaine was owned by someone other than defendant.

The allowance or denial of a defendant's motion for mistrial is largely within the discretion of the trial court and its ruling is not reviewable in the absence of an abuse of discretion. *State v. Loren*, 302 N.C. 607, 276 S.E. 2d 365 (1981). Defendant has failed to show, in the foregoing four assignments of error relating to the denial of his motions for mistrial, such serious improprieties as to render impossible a fair and impartial trial. The denial of the motions for mistrial was not an abuse of the trial court's discretion.

[5] In his next assignment of error defendant argues that the trial court erred in failing to grant his motion to dismiss the charges. He contends that there was no evidence that he possessed cocaine or that he had any intent to manufacture or sell marijuana. We disagree.

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power

and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on the charge of unlawful possession.

*State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). *See also State v. Long*, 58 N.C. App. 467, 294 S.E. 2d 4 (1982); *State v. Moore*, 40 N.C. App. 613, 253 S.E. 2d 297 (1979). The possession of the contraband may be shared, the defendant need not have the exclusive power and intent to control the disposition. *State v. Lofton*, 42 N.C. App. 168, 256 S.E. 2d 272 (1979).

In the instant case the evidence, viewed in the light most favorable to the State, tended to show that defendant lived in the front of the house; the cocaine was found in an upstairs room in the front part of the house; a bag of marijuana and cocaine paraphernalia were found in the living room in defendant's part of the house; two bags of marijuana were found in defendant's bedroom; cocaine paraphernalia and a bag of marijuana seeds were found in the kitchen, which was also in the front of the house. Additionally, a large quantity of marijuana seeds were found in the shed behind the house, and marijuana debris, presumably from drying marijuana, was found in the attic. Clearly this evidence was sufficient to withstand defendant's motion to dismiss.

**[6]** In his last assignment of error defendant argues that the trial court erred by refusing to instruct the jury that in order to convict defendant of possession of marijuana with intent to manufacture or sell they must find beyond a reasonable doubt that the manufacturing was not for personal use. Manufacture is defined in G.S. 90-87(15) as "the production, preparation, propagation, compounding, conversion or processing of a controlled substance by any means . . . ; and 'manufacture' further includes any packaging or repackaging of the substance or labeling or relabeling of its container except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use . . . ."

In *State v. Childers*, 41 N.C. App. 729, 255 S.E. 2d 654, *cert. denied*, 298 N.C. 302, 259 S.E. 2d 916 (1979), the defendant was convicted of manufacturing marijuana, and on appeal presented the same argument as defendant in the instant case. This court

explained that manufacture is defined by six terms: production, preparation, propagation, compounding, conversion, or processing. Two of the terms are further qualified in that preparation or compounding for personal use are excepted from the definition of manufacture. Production, propagation (the situation in *Childers*), conversion and processing of marijuana are "manufacture" whether for personal use or for sale. In the instant case, the "manufacturing" relied upon by the State was production, propagation and processing, and the court so instructed the jury. As there was no evidence that defendant was preparing or compounding marijuana for his own use, the requested instruction was appropriately denied.

[7] Defendant's last argument compels us to note that defendant was charged, in separate bills of indictment, with possession of marijuana with intent to sell it and possession of marijuana with intent to manufacture it. Pursuant to a stipulation by defendant's counsel, these charges were combined and submitted to the jury as one charge, i.e., "possession of marijuana with intent to manufacture or sell it." In our view, possession of a controlled substance with the intent to manufacture it is a separate and distinct offense from possession of such substance with the intent to transfer it.

In *State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985), our Supreme Court held that legislative intent declared by G.S. 90-95 (a)(1) "was twofold: (1) to prevent the manufacture of controlled substances, and (2) to prevent the transfer of controlled substances from one person to another." *Id.* at 129, 326 S.E. 2d at 28. The court held that "transfer" encompassed the terms "sell" and "deliver" and possession of a controlled substance with intent to transfer it is one crime, whether the possessor intended the transfer to be by sale or by delivery. The term "manufacture" however, is not included within the term "transfer." In our view, possession of a controlled substance with the intent to manufacture it is a separate and distinct offense from possession of such a substance with intent to transfer it. Thus, one who possesses a narcotic with the intent to manufacture it and also with the intent to thereafter sell or deliver it is guilty of two crimes. In the case *sub judice*, both charges should have been submitted to the jury. By submitting them as one charge, in the disjunctive, the trial court permitted the jury to return an ambiguous verdict. *See*

State v. Moore

*State v. McLamb*, 313 N.C. 572, 330 S.E. 2d 476 (1985). However, because we find (1) the error in combining the offenses was favorable to defendant; (2) the error in the submission of the verdict form in the disjunctive was invited by defendant, and (3) there was sufficient evidence to convict defendant of both possession with intent to manufacture *and* possession with intent to sell, we decline to disturb the verdict.

No prejudicial error.

Chief Judge HEDRICK and Judge EAGLES concur.