DILLON, Judge.
 

 *701
 

 *660
 
 Defendants Shenondoah Perry and Earl Lamont Powell appeal from judgments entered upon jury verdicts finding them guilty of numerous offenses in connection with a shooting. For the reasons stated below, we vacate Defendant Perry's conviction for assault on a child and otherwise leave the judgments undisturbed.
 

 I. Background
 

 The evidence at trial tended to show that one night in March 2016, Defendants and two other men opened fire at a car occupied by three individuals. Two of the individuals in the car were struck with bullets and were severely injured. The third individual, a child in the back seat, was not struck by a bullet but was injured by broken glass caused by the gunfire.
 

 *661
 
 Defendants were arrested and tried together. Both were convicted by a jury of multiple charges. Both gave timely notice of appeal.
 

 II. Analysis
 

 On appeal, the parties make various arguments, which we address in turn below.
 

 A.
 
 Miranda
 
 Argument
 

 Defendants' first argument pertains to Defendant Perry's in-court testimony regarding his alibi to support his testimony that he was not present during the shooting. Specifically, Defendants contend that the trial court committed reversible error by permitting the prosecutor to question Defendant Perry on cross-examination regarding his silence to the police after his arrest regarding this alibi. N.C. Const. art. I, § 23 ("In all criminal prosecutions, every person charged with a crime has the right to ... not be compelled to give self-incriminating evidence[.]").
 

 Here, the prosecutor questioned Defendant Perry during cross-examination regarding both his (1) post-arrest, pre-
 
 Miranda
 
 silence, and (2) post-arrest, post-
 
 Miranda
 
 silence.
 

 The following exchange occurred during the State's cross-examination regarding Defendant Perry's silence after his arrest but before he had been informed of his
 
 Miranda
 
 rights:
 

 [PROSECUTOR]: Now, When you were being processed at the jail, [the officer] was still with you along with some other officers; is that correct?
 

 [DEFENDANT PERRY]: Yes.
 

 [PROSECUTOR]: When did you tell them that you were with Francesca Cooper on the night that you were charged?
 

 [DEFENSE COUNSEL LEWIS]: Objection.
 

 [THE COURT]: Overruled. Go ahead.
 

 ...
 

 [PROSECUTOR]: When did you tell [the officer] that you didn't do [participate in the shooting] because you were with your baby's mama on the night it happened?
 

 [DEFENDANT PERRY]: I don't recall that.
 

 [PROSECUTOR]: So you didn't tell him?
 

 *662
 
 [DEFENDANT PERRY]: I don't recall that.
 

 [PROSECUTOR]: Okay, so you didn't tell him that is my question.
 

 [DEFENDANT PERRY]: No.
 

 And the following exchange occurred during cross-examination regarding Defendant Perry's post-arrest,
 
 post-Miranda
 
 silence:
 

 [PROSECUTOR]: What if anything did you tell the deputies after you were advised of your rights? And it says having these rights in mind, do you wish to answer any questions without hav[ing] a lawyer present and you said yes. What did you tell these officers?
 

 [DEFENDANT PERRY]: I didn't tell them [any]thing.
 

 *702
 
 [PROSECUTOR]: Okay. You never told them a thing?
 

 [DEFENDANT PERRY]: No.
 

 1. Post-arrest, Pre-
 
 Miranda
 
 Silence
 

 Although a defendant's post-arrest, post-
 
 Miranda
 
 warning silence may not be used by the State for any purpose,
 
 State v. Mendoza
 
 ,
 
 206 N.C. App. 391
 
 , 395,
 
 698 S.E.2d 170
 
 , 174 (2010), a defendant's post-arrest, pre-
 
 Miranda
 
 silence "may be used by the State to impeach a defendant by suggesting that the defendant's prior silence is inconsistent with his present statements at trial."
 

 Id.
 

 Our Supreme Court has instructed that a defendant's silence about an alibi at the time of arrest can constitute an inconsistent statement, and that this silence can be used to impeach a defendant's alibi offered at trial
 
 if it would have been natural for a defendant to mention the alibi at the time of his encounter with the police
 
 .
 
 State v. Lane
 
 ,
 
 301 N.C. 382
 
 , 386,
 
 271 S.E.2d 273
 
 , 276 (1980).
 

 In the present case, there was evidence which showed as follows: The offenses were perpetrated no more than 72 hours before Defendant Perry was arrested and informed of the charges against him. Defendant Perry knew the victims named in the warrant: he knew one of the victims because she was his ex-girlfriend, and he knew the other victim from hanging out in the same neighborhood. Despite Defendant Perry's familiarity with these two victims and the location where the shooting occurred, he made no statements that he had an alibi to account for his whereabouts during the commission of the crime. When the officer charged Defendant Perry with three counts of attempted murder and three counts of injury to real or personal
 
 *663
 
 property, Defendant Perry failed to mention his alibi when it would have been natural to deny that he would not have attempted to kill his ex-girlfriend, her current partner, and his ex-girlfriend's son.
 

 Based on this evidence, we conclude that Defendant Perry's silence is
 
 inconsistent
 
 with his later alibi testimony presented for the first time during trial. Therefore, the trial court did not err when it allowed the State to impeach Defendant Perry on cross-examination about his failure to say anything about his alibi when the warrants were read to him and
 
 before
 
 he had received Miranda warnings.
 

 2. Post-arrest, Post-
 
 Miranda
 
 silence
 

 We note that while Defendant Perry's counsel objected to the first set of questions regarding Defendant Perry's post-arrest,
 
 pre-Miranda
 
 silence, counsel did not object to the second set of questions regarding Defendant's post-arrest,
 
 post-Miranda
 
 silence. To preserve a question for appellate review, a party must make a timely objection, stating the specific grounds for the ruling sought if the specific grounds are not apparent.
 
 State v. Eason
 
 ,
 
 328 N.C. 409
 
 , 420,
 
 402 S.E.2d. 809
 
 , 814 (1991).
 

 In
 
 State v. Moore
 
 , our Supreme Court held that "[i]n criminal cases, an issue that was not preserved by objection ... may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error."
 
 State v. Moore
 
 ,
 
 366 N.C. 100
 
 , 105-06,
 
 726 S.E.2d 168
 
 , 173 (2012). When a defendant fails to object to the admission of testimony at trial, we review only for plain error. N.C. R. App. P. 10(a)(4). Accordingly, we must review any error using the plain error standard of review.
 

 "For unpreserved evidentiary error to be plain error, the defendant has the burden to show that after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."
 
 State v
 
 .
 
 Odom,
 

 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983) (internal marks omitted). The inquiry is whether the defendants have shown on appeal that "the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial ... [,]"
 
 Moore
 
 ,
 
 366 N.C. at 106
 
 ,
 
 726 S.E.2d at 173
 
 , and "absent the error, the jury probably would have returned a different verdict."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 519,
 
 723 S.E.2d 326
 
 , 335 (2012).
 

 *703
 
 In the present case, the admission of Defendant Perry's silence about an alibi
 
 post-Miranda
 
 warning, although improper, does not amount to plain error for either Defendant. Assuming that the admission of this evidence was error, we cannot say that it is reasonably probable that
 
 *664
 
 there would have been a different outcome had evidence of Defendant Perry's silence not been admitted. "[G]iven the brief, passing nature of the evidence in the context of the entire trial, the evidence is not likely to have 'tilted the scales' in the jury's determination of [Defendants'] guilt or innocence."
 
 Moore
 
 ,
 
 366 N.C. at 107
 
 ,
 
 726 S.E.2d at 174
 
 .
 

 Indeed, there was ample evidence establishing Defendants' guilt. For example, one of the victims testified at trial, identifying both Defendants as the two shooters with one hundred percent certainty. Also, this victim testified that he had an altercation earlier in the day with Defendant Powell where Defendant Powell pointed a gun at him. This evidence was sufficient to establish Defendants' guilt such that the improper admission of Defendant Perry's post-
 
 Miranda
 
 silence did not prejudice him in a way that resulted in an unfair trial. Accordingly, Defendants' argument is overruled.
 
 [1]
 

 B. Sentencing Error
 

 Defendant Perry was convicted of and sentenced for multiple charges. Two of these convictions were for assault with a deadly weapon under
 
 N.C. Gen. Stat. § 14-32
 
 and assault on a child under
 
 N.C. Gen. Stat. § 14-33
 
 , both for the firing of the gun towards the minor in the back seat of the car.
 

 Defendant Perry argues that his conviction and sentence for the assault on the child must be vacated. The State, however, argues that only the sentence should be vacated, while the conviction should be allowed to stand.
 

 We agree with Defendant Perry. Specifically, Section 14-33 states that a defendant shall be "guilty of" assault on a child "unless" another statute provides harsher punishment for the same conduct.
 
 N.C. Gen. Stat. § 14-33
 
 (2015). Here, since Defendant Perry was convicted and sentenced for assault with a deadly weapon under Section 14-32 for his assault on the minor in the back seat and since this conviction carries a harsher punishment than that provided under Section 14-33, Defendant
 
 *665
 
 Perry cannot be said to be "guilty of" violating Section 14-33.
 
 See, e.g.,
 

 State v. Davis
 
 ,
 
 364 N.C. 297
 
 , 306,
 
 698 S.E.2d 65
 
 , 70 (2010) (ordering the "judgments" for the lesser offenses be "vacated"). We, therefore, vacate, Defendant Perry's conviction and sentence for assault on a child, but leave the other convictions and sentences undisturbed.
 

 NO ERROR IN PART, VACATED AND REMANDED IN PART.
 

 Judges STROUD and INMAN concur.
 

 [1]
 

 We note Defendant Powell's argument that
 
 he
 
 was prejudiced by the admission of his co-defendant's post-arrest silence. Specifically, Defendant Powell put on evidence at trial that he, too, was somewhere else during the shooting. Defendant Powell contends that the evidence of Defendant Perry's silence not only tended to rebut Defendant Perry's alibi evidence but also his own alibi evidence. We are not persuaded that Defendant Powell suffered prejudice which would warrant a new trial. Indeed, there is no factual link between Defendant Powell's alibi evidence and Defendant Perry's alibi evidence. That is, any destruction of Defendant Perry's alibi evidence by Defendant Perry's silence did not bear on the factual circumstances of Defendant Powell's alibi evidence.