———

Stephen L. Beshear, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

Donna Boyce Proctor, Asst. Public Advocate, Frankfort, Ky., for petitioner-appellee.

Before ENGEL and KEITH, Circuit Judges, and LAMBROS *, District Judge.

**Eric WEIR, Petitioner-Appellee,**

v.

**Lloyd FLETCHER, Superintendent, Bell County Forestry Camp, Respondent-Appellant.**

**No. 80–3093.**

United States Court of Appeals, Sixth Circuit.

May 25, 1982.

### ORDER

In *Weir v. Fletcher*, 658 F.2d 1126 (6th Cir. 1981) (J. Engel dissenting), a panel of this Court affirmed a decision of the United States District Court for the Western District of Kentucky, granting habeas corpus relief under authority of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Weir*, we held whether a defendant had received his *Miranda* warning was not relevant to a finding of a *Doyle* violation. In view of our holding, we found it unnecessary to determine whether Weir had, in fact, received *Miranda* type assurances concerning his right to silence.

On March 22, 1982, the United States Supreme Court granted respondent-appellant's petition for a writ of certiorari and summarily reversed our decision in *Weir. See Fletcher v. Weir*, —— U.S. ——, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982).

Subsequently, Eric Weir filed a motion urging that this case be remanded with directions that the district court conduct an evidentiary hearing concerning the *Miranda* issue. The State of Kentucky filed a response in opposition to petitioner's motion.

* Hon. Thomas D. Lambros, United States District Court for the Northern District of Ohio, sitting by designation.

Petitioner's motion does not, however, allege that any comment was made before the jury regarding petitioner's silence which occurred after the *Miranda* warnings were given. Moreover, the record is inconclusive on this issue. The Supreme Court has made it undisputedly clear that prosecutorial comments must pertain to post-*Miranda* warning silence. *Fletcher, supra.*

Therefore, upon consideration of the record and the motions of the parties, we conclude that petitioner has failed to allege facts sufficient to warrant an evidentiary hearing. Accordingly, we remand with directions that the district court dismiss the writ without prejudice.