STATE OF NORTH CAROLINA v. TERRY LYNN McGINNIS

No. 8326SC1004

(Filed 18 September 1984)

1. Constitutional Law § 76; Criminal Law § 48— post-arrest silence—impeachment evidence—due process not violated—right to remain silent not violated

Where the evidence failed to show that defendant was given the Miranda warnings upon arrest, his Fourteenth Amendment due process rights were not violated by the State's attempt to impeach him with evidence of his post-arrest silence; nor was defendant's Fifth Amendment right to remain silent violated, since the right of a defendant, who chooses to testify in his own behalf, to remain silent must give way to the State's right to seek to determine, by way of impeachment, whether a defendant's prior silence is inconsistent with the trial testimony.

2. Criminal Law § 46.1— flight of defendant—effect on defendant's credibility

The trial court did not err in instructing the jury that defendant's flight could be considered in determining defendant's credibility.

3. Assault and Battery § 15.7— self-defense—instruction not required

In a prosecution for assault with a deadly weapon inflicting serious injury, defendant was not entitled to an instruction on self-defense where the evidence failed to show any real or apparent threat of death or great bodily harm to defendant.

APPEAL by defendant from *Friday, John R., Judge.* Judgment entered 17 December 1982 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 27 August 1984.

Defendant was convicted of assault with a deadly weapon, inflicting serious injury in connection with the 27 May 1982 shooting of an acquaintance, John Robinson, outside a bar in Mecklenburg County.

At trial, defendant's evidence tended to show the following events and circumstances surrounding the shooting. In 1975, a car driven by Robinson and occupied by defendant and defendant's best friend, Gary Baron, was involved in a serious accident. Baron was killed, and defendant was crippled. Robinson was also injured but eventually recovered. After the accident, the relationship between Robinson and defendant deteriorated. On two occasions, Robinson choked or hit defendant and defendant filed a civil suit against Robinson for damages resulting from the car wreck.

On the evening of 27 May 1982, defendant, his girl friend, and a male companion drove to a bar in Mecklenburg County. Defendant remained in the car while his companions entered the bar. Robinson, who had been inside the bar, came out to the parking lot, where he struck up a conversation with defendant. The two became involved in an argument about Gary Baron and Robinson then walked toward his own car. Defendant, afraid that Robinson might become violent, removed a gun from his car console and waited to see what Robinson would do. As Robinson reached inside his car and started back toward defendant's car, defendant became more apprehensive and placed his gun in his mouth, ready to fire if necessary. Robinson took a few more steps and the gun then discharged accidentally, striking Robinson in the abdomen.

Evidence for the state tended to show that no angry words were exchanged between Robinson and defendant on the night of the shooting. The two chatted briefly, and Robinson was walking toward his car, when he heard someone call his name. Robinson turned around, saw defendant pointing a gun at him, and stood still until he was shot. After the shooting, Robinson ran a little way and asked defendant why he had shot him. Defendant's companions then returned and all three quickly left the scene in defendant's car. Defendant was arrested a short time later at a business owned by a relative. The record does not disclose whether defendant was ever advised of his *Miranda* rights. Defendant made no statements to police following his arrest.

At trial, defendant testified on his own behalf, and contended that the shooting was an accident. On cross-examination, the state sought to impeach defendant with his failure to tell police at the time of his arrest that the shooting was accidental.

Following the trial, the jury found defendant guilty and defendant was sentenced to three years in jail. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Lucien Capone III, for the State.*

*Nora Henry Hargrove for defendant.*

WELLS, Judge.

[1]  In his first assignment of error, defendant contends that his rights under the 5th and 14th amendments of the United States Constitution were violated by the state's attempt to impeach him with evidence of his post-arrest silence.

We first address defendant's 14th amendment due process argument. In *Doyle v. Ohio*, 426 U.S. 610 (1976), the Supreme Court held that a defendant's silence at the time of arrest and after receiving *Miranda* warnings could not be used to impeach his testimony at trial. The *Miranda*[1] decision requires that a person taken into custody be advised, *inter alia*, that he has the right to remain silent. Implicit in this warning is the assurance that the exercise of the right to remain silent will carry no penalty. *Id.* It would be fundamentally unfair and thus a violation of the due process clause of the 14th amendment for the state to "induce" a defendant's silence by means of the *Miranda* warnings, then use defendant's silence in an attempt to impeach his trial testimony. *Id.*

Where a defendant is arrested, but police fail to give the *Miranda* warnings, the United States Supreme Court applies a different rule. In *Fletcher v. Weir*, 455 U.S. 603 (1982), the Court noted that it had "consistently explained *Doyle* as a case where the government had induced silence by implicitly assuring the defendant that his silence would not be used against him." In *Fletcher v. Weir, supra,* however, the evidence failed to show that defendant was given the Miranda warnings upon arrest. The Court held that "[i]n the absence of the sort of affirmative assurances embodied in the Miranda warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand." *Id.*

Defendant's 14th amendment due process argument thus rests upon proof that police gave him the *Miranda* warnings at the time of arrest, thereby assuring him that his silence would not be used against him. The burden of demonstrating error rests

---

1. *Miranda v. Arizona*, 384 U.S. 436 (1966).

upon the appealing party.[2] In the case before us, defendant has failed to show that he was given Miranda warnings and therefore he has not met his burden of proving a denial of due process under the 14th amendment.

We next consider defendant's 5th amendment argument. In *State v. Lane,* 301 N.C. 382, 271 S.E. 2d 273 (1980) (citing *State v. Castor,* 285 N.C. 286, 204 S.E. 2d 848 (1974), our supreme court took the position that with or without a *Miranda* warning, a defendant's right to remain silent is guaranteed by the 5th amendment, as well as by article I, section 23 of the North Carolina Constitution, and that any comment upon the exercise of this right, nothing else appearing, was impermissible. When a defendant chooses to testify in his own behalf, as did defendant in this case, his 5th amendment right to remain silent must give way to the state's right to seek to determine, by way of impeachment, whether a defendant's prior silence is inconsistent with his trial testimony. *Id.* The test is whether, under the circumstances at the time of arrest, it would have been natural for defendant to have asserted the same defense asserted at trial. *Id.* We hold that in this case, it would clearly have been natural for defendant to have told the arresting police officer that the shooting with which defendant was accused was accidental, if defendant believed that to be the case. This assignment is overruled.

[2] Under another assignment of error, defendant contends that the trial court erred in instructing the jury that defendant's flight could be considered in determining defendant's credibility. Defendant does not argue that there was not evidence of flight, only that such evidence did not go to defendant's credibility. The trial court, in pertinent part, instructed the jury as follows:

Now, Members of the Jury, the Court instructs you that the voluntary flight of the defendant immediately after the alleged crime has been committed is not a circumstance sufficient in itself to establish his guilt, but it is a circumstance, which, if proven by the State beyond a reasonable doubt, you may consider in the light of all the other evidence in this case in determining the credibility or the defendant's guilt or in-

---

2. *See Weir v. Fletcher,* 680 F. 2d 437 (6th Cir. 1982) (burden on defendant), *but see, U.S. v. Cummiskey,* 728 F. 2d 200 (3d Cir. 1984) (burden on state).

nocence. You, and you alone, just determine the significance of that evidence, if you find that there was flight, and if you find that beyond a reasonable doubt.

Defendant failed to object to this portion of the charge and, therefore, under Rule 10(b)(2) of the Rules of Appellate Procedure, defendant failed to preserve this question. Defendant contends, however, that the above quoted portion of the charge contains such "plain error" as to require reversal, relying on *State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983). If there was error in the charge, we hold that there was no "plain error" sufficient to invoke the rule in *State v. Odom, supra.* This assignment is overruled.

[3] Under another assignment of error, defendant contends that the trial court erred in refusing to give defendant's requested jury instruction on self-defense. At trial, defendant testified on direct examination as follows:

Q. Did you fire the gun?

A. Yes, sir.

Q. Why?

A. Because I thought my life might be threatened, but I didn't mean to fire it when I did fire it.

Q. How did the gun come to be fired?

A. I just put more pressure on it than I realized I was because I was tense and nervous.

Q. You were prepared to fire the gun, if necessary?

A. Yes, sir.

We hold that such evidence fails to show any real or apparent threat of death or great bodily harm to defendant. *State v. Dial,* 38 N.C. App. 529, 248 S.E. 2d 366 (1978), and did not entitle defendant to an instruction on self-defense. *State v. Dial, supra.* This assignment is overruled.

No error.

Chief Judge VAUGHN and Judge HEDRICK concur.