STATE OF NORTH CAROLINA v. JOSEPH LAMONT ABBITT

No. 8421SC394

(Filed 2 April 1985)

**1. Robbery § 5.2— person from whom property taken—instructions—no plain error**

In a prosecution for armed robbery, the trial court did not commit plain error entitling defendant to a new trial despite his failure to object when it instructed the jury that the State must prove beyond a reasonable doubt that defendant took property from the person or presence of a certain store employee rather than from the place of business of Hop-In Stores as alleged in the indictment.

**2. Constitutional Law § 76; Criminal Law § 48— post-arrest silence—use for impeachment—no plain error**

The admission of testimony of defendant's post-arrest silence for impeachment purposes did not constitute plain error entitling defendant to a new trial despite his failure to object.

Chief Judge HEDRICK concurring in result.

Judge WHICHARD concurring in result.

APPEAL by defendant from *Collier, Judge.* Judgment entered 2 February 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 January 1985.

Defendant was charged on an indictment, proper in form, with armed robbery. He was found guilty and sentenced to a term of eighteen years.

At trial the State's evidence tended to show that on 6 November 1983, defendant went into a Hop-In Food Store, asked Roberta Hunt, the employee, for a pack of cigarettes, pulled a knife out of his pocket and told Hunt to give him all the money in the cash register. Defendant, who was wearing a red baseball cap and blue jacket, left the store with the money. Three police officers found defendant in a kudzu covered bank behind the School of the Arts. Defendant had twenty-five dollars in small bills, eight quarters and two extension cords in his pockets.

Hunt identified defendant less than one hour after the robbery when the police brought him to the Hop-In.

Defendant, testifying on his own behalf, denied robbing the Hop-In.

From the judgment and sentence of eighteen years defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Richard L. Kucharski for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Robin E. Hudson for defendant appellant.*

PARKER, Judge.

In his two assignments of error defendant argues that although he failed to object at trial to the alleged errors, we should review these errors by applying the plain error rule as adopted by our Supreme Court in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). The plain error rule allows review of assignments of error normally barred by waiver rules such as Rule 10, Rules of Appellate Procedure. The rule is defined as follows:

> "[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has ' "resulted in a miscarriage of justice or in the denial to appellant of a fair trial" ' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' "

*State v. Odom*, 307 N.C. at 660, 300 S.E. 2d at 378, *quoting United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982) (footnotes omitted) (emphasis in original).

[1] In his first assignment of error defendant contends the trial court erred by instructing the jury that defendant took property from the person or presence of Hunt while the indictment alleged defendant took property from the place of business of Hop-In Food Stores.

Robbery with firearms or other dangerous weapons, G.S. 14-87, provides that "[a]ny person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon . . . whereby the life of a person is endangered or threatened, unlawfully takes . . . personal property from another or from any place of business . . . shall be guilty of a Class D felony."

The indictment alleged that defendant took sixty-nine dollars from the place of business of Hop-In Food Stores. In his charge to the jury the trial judge said the State must prove beyond a reasonable doubt that defendant took property from the person of Lynne Hunt. Defendant contends the trial judge erred in failing to instruct the jury that they must find that defendant took property from the place of business of Hop-In Stores. Defendant, however, failed to raise this issue when, out of the presence of the jury, the judge asked if there were any requests for corrections to the charge to the jury. Thus, defendant is precluded by Rule 10(b)(2), Rules of Appellate Procedure[1] from assigning error to this portion of the jury charge. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983). Moreover, after reviewing the entire record, we find the trial court did not commit plain error according to the standard set forth in *Odom*; thus defendant's failure to comply with Rule 10(b)(2) precludes his right to appeal this issue.

[2] In his second assignment of error defendant argues that his constitutional right to silence was violated when the trial court allowed the State to attempt to impeach him at trial with his silence at the time of his arrest and after his arrest. Defendant failed to object at trial to these questions, instead he merely inserted "exception" throughout this portion of the trial transcript. A party may not comb through the transcript and randomly insert "exception" in disregard of Rule 10, Rules of Appellate Procedure. *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983). Failure to object to error at trial is a waiver of the right to assert the error on appeal, unless the exception "by rule or law was

---

1. Rule 10(b)(2) provides in pertinent part: "No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury. . . ."

deemed preserved or taken without any such action," Rule 10(b)(1), Rules of Appellate Procedure, or the party alleging error contends the error was plain error. *Id.*

In *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983), the plain error rule adopted in *Odom* was extended to the situation in which no objection or exception was made to evidence at trial. Review, in this situation, is limited to determining whether plain error was committed at trial.

The issues of impeachment by silence and by inadmissible statements have been addressed by the United States Supreme Court. In *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971), the court held that the trial judge did not commit error by allowing the State to introduce into evidence, for impeachment purposes, prior inconsistent statements made by the defendant, which were inadmissible to establish the State's case in chief under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

In *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed. 2d 86 (1980), the United States Supreme Court held that a defendant, who at trial testified that he acted in self-defense, could be impeached by his prearrest silence. The court observed that attempted impeachment on cross-examination of a defendant may enhance the reliability of the criminal process. "[I]mpeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial." *Jenkins v. Anderson*, 447 U.S. at 238, 100 S.Ct. at 2129, 65 L.Ed. 2d at 94. The court concluded that although each State is entitled to formulate evidentiary rules defining the situations in which silence is considered more probative than prejudicial, the use of prearrest silence to impeach a defendant's credibility does not violate his Constitutional rights.

In *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed. 2d 490 (1982), the United States Supreme Court, in a per curiam decision, held it did not violate due process for a State to permit cross-examination to impeach defendant as to his postarrest silence when defendant chooses to testify, and there is no evidence that *Miranda* warnings were given. The Court reiterated that each State is entitled to resolve, under its own rules of evidence,

the extent to which postarrest silence may be deemed to impeach a criminal defendant who chooses to testify.

The North Carolina Supreme Court has not passed upon the question of impeachment of a criminal defendant by his pretrial silence. In *State v. Lane*, 301 N.C. 382, 271 S.E. 2d 273 (1980), our Supreme Court addressed the question of whether a defendant was prejudicially deprived of his constitutional rights when the trial court permitted the State to cross-examine him concerning his failure to disclose his alibi at the time he made a statement to police officers or at any time before trial. The court noted that with or without *Miranda* warnings, defendant's exercise of his right to remain silent was guaranteed by Article I, Section 23, of the North Carolina Constitution and the Fifth Amendment as incorporated by the Fourteenth Amendment to the United States Constitution. To determine whether defendant's statement was a prior inconsistent statement the court set forth the following test: whether it would have been natural for defendant to have mentioned his alibi defense at the time he made his statement. The court determined that it would not have been natural for defendant to do so, the statement was not a prior inconsistent statement, and allowing the cross-examination was prejudicial error.

The issue of impeachment by silence, when the defendant has not made any statement, has been addressed by this court recently. In *State v. McGinnis*, 70 N.C. App. 421, 320 S.E. 2d 297 (1984), the defendant made no statements to the police, and the record did not disclose whether he was advised of his *Miranda* rights. On cross-examination the State attempted to impeach defendant with his failure to tell the police before trial that the shooting was accidental, which was his defense at trial. This court, applying the test set forth in *Lane*, held that it clearly would have been natural for defendant to have told the arresting officer that the shooting was accidental if defendant had believed so, and overruled defendant's assignment of error. The court made no mention of the fact that in *Lane* the defendant failed to disclose his alibi in a statement he made to the police officers, while in *McGinnis* the defendant made no statement at all.

In *State v. Hunt*, 72 N.C. App. 59, 323 S.E. 2d 490 (1984) (appeal by defendant pursuant to G.S. 7A-30(2) pending), the defendant made no statement before or after his arrest, and the record

did not disclose whether he was given his *Miranda* rights. On cross-examination the State attempted to impeach defendant as to his pretrial silence. This court again applied the *Lane* test, observing that it does not make any difference whether defendant remains totally silent or makes some statement, and held defendant's pretrial failure to assert his defense brought forth at trial, namely that he was innocent and the victim's son actually did the killing, was an inconsistency which the jury could consider as impeaching evidence. The dissenting opinion in *Hunt*, by Judge Whichard, points out that *Lane* involved a postarrest statement, whereas *Hunt* involved postarrest silence. The dissent in *Hunt* views *Lane* as holding that impeachment by a prior inconsistent statement is the single exception to the constitutional right to silence; silence is involved only insofar as a prior inconsistent statement may be silent as to a material circumstance testified to at trial, which it would have been natural for defendant to have mentioned in his prior statement. The dissent concluded that the impeaching evidence was violative of defendant's privilege against self-incrimination provided by Article I, Section 23 of the North Carolina Constitution. "To hold otherwise allows the State to convert exercise of the privilege against self-incrimination into a sword that pierces the credibility of a defendant who also exercises the right to present a defense at trial through his or her own testimony." *State v. Hunt* (dissent), 72 N.C. App. at 80, 323 S.E. 2d at 502.

While we believe the rationale of dissent in *Hunt* is meritorious, the doctrine of *stare decisis* leads us to follow *McGinnis* and *Hunt*, and we, therefore, find

No error.

Chief Judge HEDRICK and Judge WHICHARD concur in result.

Chief Judge HEDRICK concurring in result.

In my opinion, the two assignments of error discussed in the majority opinion are wholly without merit and require no discussion. Furthermore, I do not believe in the rationale of the dissent in *State v. Hunt*, 72 N.C. App. 59, 323 S.E. 2d 490 (1984). I believe in the rationale of the majority opinion in *Hunt*, and in that of

*State v. Lane*, 301 N.C. 382, 271 S.E. 2d 273 (1980) and *State v. McGinnis*, 70 N.C. App. 421, 320 S.E. 2d 297 (1984).

Judge WHICHARD concurring in the result.

My position on the substantive issue of impeachment by pre-trial silence is fully stated in the dissenting opinion in *State v. Hunt*, 72 N.C. App. 59, 69, 323 S.E. 2d 490, 495 (1984). In *Hunt*, however, unlike here, defendant had objected at trial to admission of the impeaching testimony. Because defendant here did not object at trial, he is entitled to a new trial only if admission of the impeaching testimony constituted "plain error." *See State v. Black*, 308 N.C. 736, 739-41, 303 S.E. 2d 804, 805-07 (1983). "Plain error" may be found only if admission of the evidence had a probable impact on the jury's finding of guilt or if there is a reasonable probability that the evidence "tilted the scales" in favor of conviction. *Black*, 308 N.C. at 741, 303 S.E. 2d at 807. In light of the eyewitness identification testimony here, I do not believe the impeaching evidence had a probable impact on the finding of guilt. I therefore decline to find "plain error" and concur in the determination that defendant's trial was free from prejudicial error.