## 73969. ESTEP v. THE STATE.
(353 SE2d 913)

BIRDSONG, Chief Judge.

James Terry Estep was convicted of burglary and sentenced to serve 12 years. He brings this appeal enumerating four alleged errors. *Held*:

1. In his last enumeration of error, Estep complains the evidence was insufficient to withstand a motion for direction of a verdict of acquittal at the close of the State's evidence. We will treat this enumeration first.

When considering the sufficiency of the evidence to support the

refusal of the direction of a verdict, this court must afford the evidence that view which is most favorable to the State for every inference is in favor of the verdict. *Taylor v. State*, 138 Ga. App. 95, 96 (225 SE2d 508). When the evidence is viewed from this perspective, the jury was warranted in believing that around midnight on June 14, 1986, three of the State's witnesses were in a house directly opposite the burgled store. The occupants of the house heard the breaking of glass and looked out the window. They individually or collectively observed across the street a blond-headed white male pacing back and forth in front of the well-lighted store. They observed a second male inside the store, apparently having entered through a broken plate glass window. They observed a dark-headed person of medium build exiting the store. He was wearing a blue jogging suit. The two men were seen running from the store up an embankment into a parking lot of an adjacent hospital. A few moments later a small grey car was seen exiting the hospital parking lot with two occupants.

A police officer returning home from duty was passing the hospital parking lot at the same time. He had heard over his radio a moment earlier that a burglary had occurred in the same store which had been observed by the occupants of the house opposite the store. As the police officer passed the parking lot he saw a small grey automobile exit the lot and proceed in the same direction in which he was driving. The officer stopped his car and allowed the small grey car to pass. As the car passed, he saw a blond-headed man driving the vehicle and a dark-haired man in the passenger seat wearing a blue jogging suit. The officer positively identified the co-accused Williams as the driver. The officer recorded the grey car's tag and then proceeded to the burgled store. Thereafter, based upon information concerning the owner of the grey car (Estep's sister), Estep and the co-accused (Williams) were arrested. After the arrest, the three occupants of the house were brought to the police station and identified Williams as the blond-headed person pacing up and down in front of the store and based upon his build, dark hair and the same style blue jogging suit, identified Estep as the person exiting the store through the broken plate glass window.

Our review of this evidence satisfies us in an overwhelming manner that any rational trier of fact would have found Estep's guilt beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, there could have been no error by the trial court in denying the motion for directed verdict of acquittal. *Davis v. State*, 234 Ga. 730, 732 (218 SE2d 20). There is no merit in this enumeration.

2. The first three enumerations of error deal with the charge of the court and more specifically with the failure to give three specific requested charges.

a. Estep complains that the trial court failed to charge that mere presence of a person at the scene of a crime would not authorize a conviction without additional evidence. In regard to this charge, while it is true the trial court did not charge in the language requested, the jury was strongly directed in the charge that mere association by one with another person involved in the commission of a crime without more will not authorize a finding of guilty in the consenting in or concurring in of the commission of the crime. The jury was charged that it must find that the defendant (under the facts presented in this case) entered the store with the specific intent to burgle or aided and abetted in the commission of that act. Thus while the specific language requested was not in fact given to the jury, its substantial equivalent was given.

b. Estep also contends that the trial court erred in refusing a charge that evidence giving rise to a grave suspicion or which merely raises speculation or conjecture of defendant's guilt is insufficient to authorize a conviction. Under the facts the jury could clearly determine that Williams was outside the store and that Estep was inside the store. Even assuming, arguendo, that Williams was the person inside the store, the breaking of the window and the presence of a person within the store and seen exiting, is amply sufficient to raise more than only a grave suspicion or create speculation or conjecture.

c. Estep also ingeniously argues that the court erred in refusing to charge on the flight of the co-accused Williams. Apparently Estep argues that he was placed at the scene only circumstantially while the truth is that Williams together with an unidentified person committed the burglary. Thus, he contends, only the flight of Williams could give rise to the awareness of a criminal act manifested by flight. This argument has more ingenuity than merit. Williams was not before the jury nor was his guilt being determined. Thus, his flight was wholly immaterial. The flight of the defendant Estep if found by the jury was the only flight material or relevant to the jury's consideration. This the trial court properly charged to the jury.

In regard to each of the three requests, we observe that a request to charge the jury must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence. *Kessel v. State*, 236 Ga. 373, 374 (223 SE2d 811); *McRae v. State*, 145 Ga. App. 122 (243 SE2d 110). Where the charge is either argumentative or favors one party's position by applying facts as legal principles, it is not error to refuse such a request to charge. *Ferry v. State*, 161 Ga. App. 795, 800 (6) (287 SE2d 732). We find the requested charges to be infected with such weaknesses. In order for the principles to have application, the facts as contended by Estep must be accepted as a legal principle. Moreover, when the charge is considered as a whole, each of the principles in the requested charge are contained substantially in

the charge given. Therefore, we find no error in failing or refusing to give the requested charges in the precise language of the request. *Howard v. State*, 151 Ga. App. 759, 760 (261 SE2d 483); *London v. State*, 142 Ga. App. 426 (236 SE2d 158). We find no error in the charge of the court.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 4, 1987 —
REHEARING DISMISSED FEBRUARY 20, 1987.

*Randy J. Ebersbach*, for appellant.

*Arthur E. Mallory III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.