## A89A1123. RABORN v. THE STATE.
### (383 SE2d 650)

SOGNIER, Judge.

Arthur Raborn was convicted of child molestation and he appeals.

1. Appellant contends the trial court erred by ruling that the victim, a five year old child, was competent to testify when she did not understand the nature of an oath, as required by OCGA § 24-9-5. We do not agree. Upon cross-examination, the defense established that the victim could not define the word "oath" and did not know the difference between swearing to something and simply telling the truth, and based its objection to her competency on that ground. However, the child was examined extensively by the court, and the examination established that she knew the difference between lying and telling the truth; that it was wrong to lie, and she would be punished if she did so; and that she promised to tell the truth.

It is not necessary for a child to understand the meaning of the word "oath" in order to be competent to testify. *Pace v. State*, 157 Ga. App. 442, 443 (278 SE2d 90) (1981). "The competency of a child as a witness is within the sound discretion of the [trial] court and its ruling will not be disturbed unless there is a manifest abuse of discretion. [Cit.]" *Adams v. State*, 166 Ga. App. 807 (305 SE2d 651) (1983); accord *Lancaster v. State*, 250 Ga. 871, 872 (2) (301 SE2d 882) (1983).

"We find no abuse of discretion. Although the child was unable to *define* the meaning of an oath . . . , it was demonstrated that she appreciated the difference between the truth and a lie and that she knew she was obligated to tell the truth on the witness stand. [Cits.]" *Akers v. State*, 179 Ga. App. 529, 530 (2) (346 SE2d 861) (1986).

2. In his two remaining enumerations of error, appellant contends the trial court erred in the sentencing phase of the trial by admitting into evidence and "considering" a prior probation revocation.

a. Contrary to appellant's assertions, the record shows that a certified copy of a Rule Nisi issued in the prior probation revocation proceeding was *not* admitted into evidence. It was tendered, along with a copy of a conviction on another charge, but appellant's counsel objected to its admission, and the court reserved ruling on appellant's objection and recessed court pending a presentence investigation. The record indicates that both exhibits were tendered but not admitted.

b. Nor do we find merit in appellant's contention that the trial court erred by "considering" the prior probation revocation in passing sentence. We cannot assume from the mere tender of the document that it was considered by the trial court, as " 'there is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision ([Cit.]).' " *Workman v. State*, 137 Ga. App. 746, 749 (224 SE2d 757) (1976). Further, although the record reflects that the trial judge himself *remembered* the prior probation revocation proceeding, nothing in the record suggests that the trial court *considered* it in determining a sentence, and absent a showing to the contrary by appellant, we will apply the presumption. See *Johnson v. State*, 170 Ga. App. 433, 437 (8) (317 SE2d 213) (1984).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1989.

*Carl J. Wilson, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Howard Z. Simms, Assistant District Attorney*, for appellee.