## A90A0554. MATTOX v. THE STATE.
### (395 SE2d 288)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of theft by shoplifting and giving a false name to a law enforcement officer. She appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. For impeachment purposes, the trial court allowed the State, over objection, to cross-examine appellant with regard to her post-arrest silence. The trial court's failure to sustain the objection to this line of cross-examination is enumerated as error.

In *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976), the Supreme Court of the United States held that, since *Miranda* warnings may induce a defendant's post-arrest silence by implicitly assuring him that his silence will not be used against him, it would be fundamentally unfair and a violation of due process to allow the defendant's silence to be used to impeach him at trial. However, the Supreme Court subsequently held that *Doyle* is inapplicable in cases in which the defendant has not received any *Miranda* warnings. *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982). Here, as in *Bennett v. State*, 254 Ga. 162, 166 (4) (326 SE2d 438) (1985), "the record does not indicate whether [appellant] received any *Miranda* warnings. Thus, we cannot determine from the record before us whether the silence used by the [S]tate to impeach [appellant] occurred before or after *Miranda* warnings were given. In this regard, at least one court has held that, when a defendant objects to a prosecutor's cross-examination with respect to his post-arrest silence, the [S]tate has the burden 'to establish that *Miranda* warnings were not given prior to the silence relied on for impeachment purposes.' *United States v. Cummiskey*, 728 F2d 200 (5) (3rd Cir. 1984). But see *State v. McGinnis*, 320 SE2d 297 (4-5) ([N.C. App.] 1984) (placing the burden on the defendant)."

Appellant urges that her objection to the use of her post-arrest silence placed the burden on the State to demonstrate that her silence occurred before she had been given the *Miranda* warnings and that, insofar as this burden was not met, her conviction should be reversed. Although *Bennett* alluded to the question of whether it is the State or the defendant that has the burden of establishing that *Miranda* warnings were or were not given, that issue was not decided because it was otherwise found that any error in that case would be harmless. Accordingly, the determination of whether the defendant has the burden of showing a *Doyle v. Ohio* violation or the State has the burden of showing the applicability of *Fletcher v. Weir* is one of first impression in this State.

As previously noted, *United States v. Cummiskey*, supra, holds

that the burden is upon the State. That decision is not, however, binding on this court. Moreover, the holding in *Cummiskey* was not predicated upon constitutional grounds, but upon the Federal Rules of Evidence which have no applicability in this state. Only decisions rendered by the Supreme Court of the United States and the Supreme Court of Georgia are binding on this court. In *Fletcher v. Weir*, supra, that Court, after noting that the record did *not* indicate whether the defendant had received *Miranda* warnings during the period of silence immediately after his arrest, reversed the lower court's grant of a writ of habeas corpus. If the burden were on the State, a failure of the record to indicate whether the defendant had received any *Miranda* warnings would presumably have resulted in the Supreme Court's affirmance rather than its reversal of the grant of a writ of habeas corpus. Accordingly, we construe *Fletcher v. Weir*, supra, as authority for the proposition that, as a matter of constitutional law, the burden may be placed upon the defendant to show that the *Miranda* warnings were given prior to his silence that is relied upon by the State for impeachment purposes. "We believe that in the present posture of the law, it is necessary that *the defense* make such a showing before *Doyle v. Ohio*, [supra,] comes into play." (Emphasis supplied.) *Weir v. Wilson*, 744 F2d 532, 535 (6th Cir. 1984), cert. denied 469 U. S. 1223 (105 SC 1215, 84 LE2d 356) (1985). See also *State v. Cummings*, 779 SW2d 10, 12 (3) (Mo. App. 1989); *Royal v. State*, 761 P2d 497 (Okl. Cr. 1988); *State v. McGinnis*, supra.

Since there is no constitutional requirement that the burden be placed upon the State, resolution of the issue is dependent upon the applicable provisions of state law. Placing the burden upon the defendant is not violative of, but consistent with, the general principles of this state's law. "The burden is on the defendant in asserting error to show it affirmatively by the record. . . . [Cits.]" *Dean v. State*, 168 Ga. App. 172, 173 (1) (308 SE2d 434) (1983). See also *State v. McGinnis*, supra. Compare *United States v. Cummiskey*, supra (holding that the burden is upon the State under the applicable Federal Rules of Evidence). The record shows that appellant did not meet her burden of showing that her post-arrest silence occurred after the *Miranda* warnings had been given to her. Thus, we find no error in the State's use of appellant's silence for impeachment purposes in the instant case.

2. The trial court's admission into evidence of a bookbag which was "similar" to the one purportedly used by appellant to conceal the stolen goods is enumerated as error.

Appellant urges that the bookbag which was admitted into evidence was not shown to have any connection with her or to be sufficiently similar to her bookbag. However, the record shows that appellant "admitted possession of a [bookbag], described it and pointed

out the ways in which it was dissimilar from the one offered in evidence. Under these circumstances, there was no harmful error. [Cits.]" *Jones v. State*, 190 Ga. App. 416, 418 (2) (379 SE2d 189) (1989).

3. Appellant enumerates as error the trial court's refusal to give her requested instructions regarding the legal effect of mere presence at the scene of a crime, mere association with persons involved in the commission of a crime and a mere grave suspicion of guilt arising from the facts and circumstances.

"It is, of course, true that mere [presence, association or suspicion], without any evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction. [Cits.] However, in the present case, the [S]tate's evidence showed more than [mere presence, association or suspicion]." *Muhammad v. State*, 243 Ga. 404, 405-406 (1) (254 SE2d 356) (1979). "In the instant case we have the additional evidence of flight [and concealment of goods]." *Maddox v. State*, 170 Ga. App. 498, 499 (3) (317 SE2d 617) (1984). The principles contained in appellant's requested instructions are no more than corollaries "to the requirement that the [S]tate prove each element of the offense charged." *Muhammad v. State*, supra at 406 (1). "The trial court gave a full and correct charge on the presumption of innocence and on the requirement that the [S]tate prove each and every element of the offenses charged, including the element of criminal intent, beyond a reasonable doubt." *Bruce v. State*, 191 Ga. App. 580, 582 (3) (382 SE2d 367) (1989). "The trial court further instructed the jury that to warrant a conviction on circumstantial evidence, the proved facts must exclude every reasonable hypothesis save that of guilt. . . . The foregoing jury charges were full and fair and, in view of them, the trial court's refusal to instruct the jury on [mere presence, association or suspicion] did not constitute reversible error under the facts of this case." *Muhammad v. State*, supra at 406 (1).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*Donald T. Wells, Jr.*, for appellant.
*Ken Stula, Solicitor, Kip Shepherd, Assistant Solicitor*, for appellee.