## A91A0280. COOK v. THE STATE.
### (405 SE2d 341)

BEASLEY, Judge.

Cook appeals his convictions for the aggravated battery, OCGA § 16-5-24 (a), and false imprisonment, OCGA § 16-5-41 (a), of his girl friend's mentally impaired 18-year-old daughter. He, along with the victim's mother, was charged with illegally confining the girl and maliciously causing her bodily harm by seriously disfiguring her body and by failing and refusing to provide her with sufficient food necessary to sustain proper health, resulting in extreme loss of body weight. When the victim was found and taken for medical treatment she weighed 42½ pounds.

1. Appellant contends that the trial court erred in allowing the State to introduce testimony concerning alleged sexual contact between himself and the victim. He maintains that the testimony had no relevance to the charges for which he was on trial, that the testified-to actions were not properly admissible as part of the res gestae, and that the testimony prejudicially placed his character in issue.

First, there was no objection to the victim's initial testimony that appellant had "messed" with her. The State explored the subject with about another ten questions, which were answered, before the defense lodged any objection.

Second, even assuming that defendant's protest was timely, it was different from the objections now raised: defense counsel requested a mistrial on the basis of prejudice because there was no notice that defendant was on trial for the alleged sexual actions. Bases of objection which were not considered by and ruled on by the trial court will not be considered. See *Brinson v. State*, 191 Ga. App. 151, 152 (2) (381 SE2d 292) (1989).

Third, prior to the testimony at issue, two State's witnesses testified without objection regarding appellant's sexual abuse of the vic-

tim, rendering the complained-of evidence cumulative.

2. Appellant contends the trial court erred in allowing testimony from a police officer who had not been listed as a State's witness in violation of OCGA § 17-7-110 and Art. I, Sec. I, Par. XIV of the 1983 Georgia Constitution.

The constitutional ground is not argued. "We will therefore consider the invocation of the state constitution as abandoned. [Cits.]" *Mitchell v. State*, 173 Ga. App. 560 (1) (327 SE2d 537) (1985).

The witness, Officer Thurman, was sent by the District Attorney's office five or six days prior to trial to check with appellant's mother on appellant's background. The State called Thurman to rebut the mother's trial testimony about where appellant was living during the time of the victim's injuries. The State explained that it had not furnished Thurman's name because it did not know whether it would call Thurman since it did not know whether appellant's mother would testify, what she would testify to, and whether or not she would testify differently from what she had related to Thurman.

In contrast to the situation in *Allison v. State*, 256 Ga. 851, 853 (8) (353 SE2d 805) (1987), where the expert witnesses were not true rebuttal witnesses but were an important component of the State's main case, Thurman's testimony was not a part of the State's case-in-chief but was a response to defendant's evidence. " '(C)alling an unlisted witness in rebuttal is not error and does not violate (OCGA) § 17-7-110. (Cits.)' *Forney v. State*, 255 Ga. 316, 318 (2) (338 SE2d 252) (1986)." *Crosby v. State*, 188 Ga. App. 191, 193 (4) (372 SE2d 471) (1988).

Secondly, although appellant asserts that the lack of prior disclosure impaired his defense because he was unable to do a background check of the witness, question him prior to trial, or inquire about any juror relationship to the witness, appellant does not allege or demonstrate how prior knowledge of the witness would have altered presentation of the defense. He fails to show harm. See *Huff v. State*, 141 Ga. App. 66 (1) (232 SE2d 403) (1977).

Thirdly, appellant does not show that he requested and/or was denied an opportunity to question Thurman prior to his testifying, or that he was denied access to the witness. See *Felker v. State*, 252 Ga. 351, 377 (12) (314 SE2d 621) (1984), cert. denied, 469 U. S. 873 (105 SC 229, 83 LE2d 158) (1984).

3. The last enumeration is that the trial court erred in allowing the victim to testify because she was incompetent to do so. He relies on testimony that the victim had an IQ of 40 and maintains that the court's competency examination of the victim revealed that she had no concept as to the meaning of an oath or what it means to tell the truth.

Evidence that a witness may lack full or optimal mental capacity

does not in and of itself render the witness incompetent to testify. See e.g., *Haslem v. State*, 160 Ga. App. 251 (1) (286 SE2d 748) (1981); *Lee v. State*, 108 Ga. App. 97 (1) (132 SE2d 107) (1963). Contrary to appellant's contention the record of the court's examination of the victim shows that she could conceptualize truth. Pursuant to the court's questioning, see OCGA § 24-9-7, the victim stated that if you tell a lie you get in trouble, affirmed that it was good to tell the truth and bad to tell a lie, and agreed that she would tell the truth on the witness stand. She also demonstrated her understanding of the difference between truth and falsehood by her appropriate responses to purposefully true and false statements by the trial court.

"The rules governing courts in the admission of evidence of . . . one alleged to be . . . of insufficient mental capacity to understand the nature of an oath and appreciate its sanctity, are analogous to those applicable to a case where testimony of a child is offered and objected to on the ground that the child, because of its tender years and the mental incapacity resulting therefrom, is incapable of understanding the nature of an oath. [Cits.]" *Langston v. State*, 153 Ga. 127 (2) (111 SE 561) (1922). A child witness need not be able to define or understand the meaning of an oath. What is critical is that the witness be able to appreciate the difference between the truth and a lie and that there is the obligation to tell the truth on the witness stand. See *Raborn v. State*, 192 Ga. App. 99 (1) (383 SE2d 650) (1989).

The victim qualified, so the trial court did not abuse its discretion in finding her competent.

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 8, 1991.

*Morris & Webster, Lee W. Fitzpatrick*, for appellant.
*David E. Perry, District Attorney*, for appellee.