A92A1357. POWELL v. THE STATE.
(424 SE2d 333)

ANDREWS, Judge.

Powell was convicted by a jury of trafficking in cocaine and of two counts of obstructing an officer. On appeal, he claims the prosecutor made improper comments to the jury during closing argument, and that the trial court erred in refusing to grant his motion for a mistrial on this ground.

During closing argument the prosecutor argued that Powell's testimony at trial was not believable, and added: "The State submits you shouldn't be surprised that he didn't get up here yesterday and confess. If he wanted to confess, he could have done it a long time ago. Because he didn't confess, we're trying this case." Powell objected and moved for a mistrial on the basis that such argument implied the defendant should have confessed, but did not, and that his testimony at trial was a lie.

On appeal, Powell argues first that these comments were an improper statement of the prosecutor's personal belief in Powell's guilt. It is improper for a prosecutor to argue his personal belief in the defendant's guilt, but he may properly argue that such guilt is a conclu-

sion which should be drawn from the proven facts. *Manning v. State*, 123 Ga. App. 844 (182 SE2d 690) (1971). We find no statement of the prosecutor's personal belief in these comments. Moreover, no objection on this basis was made in the trial court, so this argument was not preserved for appellate review. *Morton v. State*, 168 Ga. App. 18, 19 (308 SE2d 41) (1983).

Secondly, Powell contends these remarks were an impermissible comment on his right to remain silent at the time of his arrest. We assume for purposes of this appeal that the defendant's objection at trial was sufficient to preserve this ground for review. "In *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976), the Supreme Court held that since *Miranda* warnings may induce a defendant's post-arrest silence by implicitly assuring him that his silence would not be used against him, it would be fundamentally unfair and a violation of due process to allow the defendant's silence to be used to impeach him at trial." *Bennett v. State*, 254 Ga. 162, 165-166 (326 SE2d 438) (1985). However, the government may comment on defendant's silence prior to the time of his arrest, or after arrest, but before *Miranda* warnings are given. *Jenkins v. Anderson*, 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980); *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982). Here, in an effort to bolster the State's attack on the defendant's credibility, the prosecutor's comments about the defendant's failure to confess refer in part to the defendant's pre-trial silence. Nevertheless, no *Doyle* violation has been established in this case. Since *Doyle* does not apply to cases in which the defendant has not received any *Miranda* warnings, and the present record contains no evidence of such warnings, "we cannot determine from the record before us whether the silence used by the State to [attack the defendant's credibility] occurred before or after *Miranda* warnings were given." (Citations and punctuation omitted.) *Mattox v. State*, 196 Ga. App. 64 (395 SE2d 288) (1990). The burden is on the defendant to show that the *Miranda* warnings were given prior to the post-arrest silence used by the State for impeachment purposes. Id. at 65. Where the defendant fails to show asserted error affirmatively by the record, there is no cause for reversal.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur without reaching the question with respect to silence at arrest, which question the court resolves on federal constitutional grounds. The question is not properly before us, because appellant did not object on *any* ground based on his silence at arrest. His objection below related to his trial testimony. *Pruitt v. State*, 176 Ga. App. 317, 321 (3) (335 SE2d 724) (1985). The trial court had no opportu-

nity to consider the contention now made, so it cannot be charged with any error in connection with it.

DECIDED OCTOBER 29, 1992.

*Hawk, Hawk & Lyons, Charles H. Lyons III*, for appellant.
*Michael C. Eubanks, District Attorney, Daniel W. Hamilton, Richard E. Thomas, Assistant District Attorneys*, for appellee.