A95A1389. LAMUNYON v. THE STATE.
(463 SE2d 365)

RUFFIN, Judge.

This appeal arises from the brutal beating and abduction of a 31-year-old mentally retarded man. Daryle Toole pled guilty to kidnapping with bodily injury, aggravated assault, aggravated battery, robbery, and impersonating a public officer. A jury convicted Dwayne Lamunyon of kidnapping with bodily injury, robbery, aggravated assault, and aggravated battery for his role in the incident. Lamunyon appeals following the denial of his motion for new trial. For reasons which follow, we affirm.

The evidence at trial showed that late one evening, Lamunyon and Toole approached the victim in their car as he was walking down the street. Toole told the victim he was a police officer, searched him, took away a survival knife he was carrying, and told him to get into the car. Toole and Lamunyon drove the victim to a different location, ordered him out of the car, and Lamunyon hit him. As the victim ran away, Toole kicked him into a telephone pole. After the victim fell, Lamunyon stood him back up. Toole again kicked the victim to the ground, where Lamunyon kicked him. At one point, Lamunyon stood on the victim's hands while Toole kicked him in the face. After Toole and Lamunyon kicked the victim five or six times each, they forced him back into the car and drove him to another location. At the second location, Toole and Lamunyon forced the victim to remove all his clothing, Lamunyon kicked him in the groin, and as the victim ran to the other side of the car, Toole hit him. Lamunyon and Toole eventually took the victim's clothes, boots, and knapsack; returned to their car; and drove away, leaving the victim.

1. Prior to the victim testifying at trial, the court conducted a hearing under OCGA § 24-9-7 to determine his competency as a witness. In his first enumeration of error, Lamunyon contends the trial court erred in ruling that the victim was competent to testify. We disagree.

Everyone is presumed competent to testify, even people who have been shown to have mental disabilities. *Flynn v. State*, 255 Ga. 415, 419 (7) (339 SE2d 259) (1986). It is critical in determining

whether a witness is competent to testify "that the witness be able to appreciate the difference between the truth and a lie and that there is the obligation to tell the truth on the witness stand." *Cook v. State*, 199 Ga. App. 523, 525 (3) (405 SE2d 341) (1991). Under OCGA § 24-9-7 (a), the decision of whether or not such an individual is competent to testify is within the broad discretion of the trial court, and the court's determination will not be disturbed on appeal absent an abuse of that discretion. *Knight v. State*, 216 Ga. App. 200, 201 (1) (453 SE2d 798) (1995).

Although the evidence in this case showed that the victim has only the mental capacity of a six- to eight-year-old child, he knew that if one does not tell the truth on the witness stand, "[y]ou get locked up." When asked, the victim promised that he would answer truthfully all questions asked by the prosecutor and by Lamunyon's attorney, and he demonstrated that he could testify about the incident. Under these circumstances, we conclude that the trial judge did not abuse his discretion in allowing the victim to testify. See *Cook*, supra.

2. Lamunyon next asserts that the trial court erred in improperly recharging the jury on the meaning of parties to a crime. Lamunyon argues for the first time on appeal that the court erred in charging the jury that they might find he aided or abetted if he "allow[ed] someone else to commit a crime."

The record shows that immediately following the recharge, Lamunyon's attorney asked the judge if he would allow her to make exceptions to the recharge. Lamunyon's attorney then stated four specific exceptions to the charge, none of which is alleged on appeal. The State contends that Lamunyon waived his right to assert additional error regarding the recharge for the first time on appeal because he did not raise it at trial or reserve the right to object at a later time. Lamunyon, however, contends that he was not required to reserve the right to make further objections because the trial judge never specifically asked whether there were any objections to the recharge. While we agree with Lamunyon that he did not waive the right to raise the objection on appeal, we nevertheless find no reversible error.

Lamunyon was not required to object to the charge at trial. "[T]here is *no* requirement to enter an objection to an erroneous charge given unless the trial court specifically requires the defendant to enter objections prior to the return of the verdict or reserve the right to make such an objection." (Emphasis in original.) *Gaines v. State*, 177 Ga. App. 795, 799 (1) (341 SE2d 252) (1986). Even though Lamunyon objected to the charge on other grounds, at no time did the court specifically require him to enter his objections. "Inasmuch as [Lamunyon] was not required by the trial court affirmatively to

state exceptions to the charge in this case, we will not impose a waiver. . . . [Cit.]" Id. at 800.

However, viewing the recharge in its entirety, we find no reversible error. Although the contested statement was erroneous, the court's charge as a whole repeatedly and accurately conveyed to the jury the laws concerning parties to a crime. See *Heaton v. State*, 214 Ga. App. 460 (6) (448 SE2d 49) (1994). "In light of the evidence against [Lamunyon], the use of this [erroneous] language, when considered in the context of the entire charge, created no reversible error. [Cits.]" Id. at 462. It is an impotent error with no promise of vigor, hence harmless. Error is the bearer of meaning, but if unaccompanied by harm, it is as meaningless as a messageless speech.

3. In his third enumeration of error, Lamunyon contends the trial court erred in failing to give his requested charge on mere association. While it is "true that mere . . . association . . . , without any evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction[,] . . . [t]he principles contained in appellant's requested [instruction] are no more than corollaries 'to the requirement that the State prove each element of the offense charged.' " (Citations and punctuation omitted.) *Mattox v. State*, 196 Ga. App. 64, 66 (3) (395 SE2d 288) (1990). The record shows that the trial court fully and accurately charged the jury on the presumption of innocence, parties to a crime, circumstantial evidence, and the requirement that the State prove beyond a reasonable doubt each and every element of the offenses charged, including criminal intent. Moreover, the trial court charged the jury on mere presence, which is the substantial equivalent of the requested charge. *Estep v. State*, 181 Ga. App. 842 (2) (a) (353 SE2d 913) (1987). Viewing the charge in its entirety, it was not error to refuse to give Lamunyon's requested charge on mere association under the facts of this case. See id. See also *Mattox*, supra.

4. In his final enumeration of error, Lamunyon asserts that the trial court improperly charged the jury that the offense of kidnapping with bodily injury required only that the bodily injury be a mere consequence of the kidnapping. The record shows that in its recharge, the court stated to the jury that "[i]f you kidnap and as a result of the kidnapping, or during the kidnapping, or arising out of the kidnapping of this event, the victim received bodily injury, then it would be kidnapping with bodily injury." Lamunyon argues that a proper charge would have explained that intent to harm or proximate causes of the harm must be considered before a conviction would be authorized. We find nothing in the charge that constitutes reversible error.

A person commits the offense of kidnapping with bodily injury within the meaning of OCGA § 16-5-40 (b) when he commits a kidnapping and "the person kidnapped shall have received bodily in-

jury. . . ." The trial court's instructions merely informed the jury that it was necessary that the injury was received during or as a result of the kidnapping. Such language is not in conflict with OCGA § 16-5-40 (b). Furthermore, Lamunyon's concerns regarding an instruction on intent were satisfied by the trial court's general instructions on criminal intent. Finally, considering that the evidence showed that the defendants' actions after the kidnapping were the sole cause of the victim's injuries, it defies reason to believe that the jury could have concluded that the victim received his injuries by some other cause. This enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 23, 1995 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Howe & Dettmering, Donald B. Howe, Jr.*, for appellant.
*David McDade, District Attorney*, for appellee.